UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MOUNTAINWEST VENTURES, LLC, a Colorado limited liability company,<br><br>              Plaintiff,<br>    v.<br><br>CITY OF HOPE, IDAHO, a municipal corporation, JOE DEAN, BILL BREEN, PHIL DREISBACH, ROBERT LIZOTTE, BRUCE STUTZKE, AND BRYAN QUAYLE,<br><br>              Defendant. | Case No. 2:14-cv-000290-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is defendants' Motion to Dismiss (Dkt. 19). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Plaintiff MountainWest Ventures, LLC, wishes to develop real property in the City of Hope, Idaho. To develop the property according to its plans, MountainWest applied to the City of Hope for a Conditional Use Permit. The City conducted public hearings on the application on April 24, May 8, June 20, and July 10, 2013. Ultimately,

the City denied the application.

After the application was denied, MountainWest requested a regulatory takings analysis from the City. *Compl.*, Dkt. 1, ¶ 55. The City provided that analysis on August 29, 2013, and later denied MountainWest's request for reconsideration. *Id.* ¶¶ 59, 64, 72.

MountainWest alleges that the City acted inappropriately at several points during these proceedings. *See Response Br.*, Dkt. 27, at 14-15; *Compl.*, Dkt. 1, ¶¶ 17-58. Among other things, MountainWest alleges that the City, or members of the City Council:

(1) did not provide timely or adequate information to MountainWest before or after the public hearings, *see Compl.* ¶¶ 16-17, 27-29, 47-48, 56-59, 63, 70;

(2) did not allow MountainWest to participate in the application review meeting, *id.* ¶ 17;

(3) met with, and provided information to officials from the Idaho Transportation Department, without first notifying MountainWest, *id.* ¶¶ 20-24;

(4) improperly remanded the application to MountainWest after the May 8, 2013 hearing, *id.* ¶¶ 31-33;

(5) did not include in the record all of the information MountainWest had provided, *id.* ¶¶ 37, 49-50;

(6) did not timely decide the application, *id.* ¶¶ 40-41;

(7) conducted an executive City Council session without identifying the basis for doing so, *id.* ¶¶ 42, 60-61;

(8) refused to provide MountainWest with a copy of the "preliminary decision document" denying MountainWest's application", *id.* ¶¶ 52-53; and

(9) "provided no forum for an appeal of . . . [the City's] administrative land use decisions to an independent hearing officer or impartial tribunal." *Id.* ¶ 67.

# LEGAL STANDARD

1. **Legal Standard for Rule 12(b)(6) Motions**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal conclusions that are couched as factual allegations. *Id*. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-

79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Coll. Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union*, 474 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of

public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc*., 375 F.3d 861, 866, n.1 (9th Cir. 2004)**.** The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## ANALYSIS

**1.     The Due Process Claim**

In its first claim for relief, MountainWest alleges that defendants violated its procedural due process rights under the Fourteenth Amendment of the United States Constitution. The threshold issue in such a claim is whether plaintiff has asserted a protected property or liberty interest. *See, e.g., Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). MountainWest asserts a protected property interest in the conditional use permit it sought from the City.

The Ninth Circuit has explained that, "[i]n some instances, a person can have a constitutionally protected property interest in a government benefit, such as a license or permit." *Gerhart v. Lake Cnty.*, 637 F.3d 1013, 1019 (9th Cir. 2011). But a person cannot simply unilaterally hope or expect to receive the permit. "He must instead have a legitimate claim of *entitlement* to it." *Id.* (*quoting Roth*, 408 U.S. at 577). To determine whether MountainWest has a "legitimate claim of entitlement" to a conditional use permit, the Court will look to Idaho law. *See Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 903 (9th Cir. 2007) ("[V]ested rights in a land development

permit 'are created and their dimensions are defined by existing rules or understandings that stem from ... state law.'") (quoting *Roth*, 408 U.S. at 577).

Idaho statutory law governing conditional or special use permits states that such permits

> *may be granted* to an applicant if the proposed use is conditionally permitted by the terms of the ordinance, subject to conditions pursuant to specific provisions of the ordinance, subject to the ability of political subdivisions, including school districts, to provide services for the proposed use, and when it is not in conflict with the plan.

Idaho Code § 67–6512(a) (emphasis added). Similarly, the applicable City of Hope ordinance states that the City Council "*may*" grant a conditional use permit: "A conditional use permit *may* be granted to an applicant if the proposed use is listed in the Zoning Ordinance of the City of Hope, Idaho as a conditional use, and if it is not in conflict with the comprehensive plan." *City of Hope Ordinance No. 208,* § 4-6A1[1] ("emphasis added).

The use of the word "may" – rather than "shall" – in both the statute and the ordinance indicates that the City Council retained discretion to grant or deny a permit. *See Marcia T. Turner, L.L.C. v. City of Twin Falls,* 159 P.3d 840, 848-89 (Idaho 2007); *see also Burch v. Smathers,* 990 F. Supp. 2d 1063, 1073 (D. Idaho 2014). As a result, MountainWest cannot plausibly allege that it has a legitimate claim of *entitlement* to a conditional use permit. *See, e.g., Bateson v. Geisse*, 857 F.2d 1300, 1305 (9th Cir. 1988) (plaintiff did not have protectable property interest in plat application where City Council

---

[1] This ordinance is attached as Exhibit 2 to plaintiff's counsel's declaration. *See Boutz Aff.*, Ex. 2 thereto, at Dkt. 28-2, p. 9.

had unbridled discretion in deciding how to handle the application); *Hodge Capital Co. v. City of Sausalito,* 908 F.2d 976 (9th Cir. 1990) (unpublished table decision) (no protected interest in conditional use permit application where the issuance of permit was subject to the city's discretion); *Burch,* 990 F. Supp. 2d at 1074 (same); *Minnetonka Moorings, Inc. v. City of Shorewood*, 367 F. Supp. 2d 1251, 1257 (D. Minn. 2005) (same); *Oregon Entm't Corp. v. City of Beaverton,* No. CV-03-1432-JE, 2005 WL 839562, at *2 (D. Or. Apr. 11, 2005) (same). As a result, MountainWest's procedural due process claim is fatally defective. The Court will therefore dismiss MountainWest's first claim for relief, without considering the parties' remaining arguments.

Normally, the Court would grant plaintiff the opportunity to amend its complaint. But in this case, the Court cannot see how MountainWest could amend its complaint to allege a protectable property interest. The Court will therefore dismiss this claim without leave to amend.

## 2. State Law Claims

Because the Court will dismiss plaintiff's federal due process claim, the only remaining claims are based on Idaho state law. "A district court's exercise of pendent jurisdiction over state law claims arising from the same set of operative facts that supports a federal claim is a matter of discretion." *Les Shockley Racing, Inc. v. Nat'l Hot Rod Assn.*, 884 F.2d 504, 509 (9th Cir. 1989). "When, as here, the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Id.*; *see also* 28 U.S.C. § 1367(c)(3). Having considered the values "of judicial economy, convenience, fairness,

and comity" the Court will decline to exercise supplemental jurisdiction over MountainWest's remaining claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Court will dismiss these claims without prejudice to plaintiff refiling them in state court.

## ORDER

**It is ordered that:**

(1) Defendants' Motion to Dismiss (Dkt. 19) is **GRANTED**.

(2) Plaintiff's first claim for relief is **DISSMISSED WITH PREJUDICE.**

(3) Plaintiff's remaining state-law claims are **DISMISSED WITHOUT PREJUDICE.**

DATED: January 14, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court